IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **KELLY CRESSWELL,** | § | |
| *Plaintiff*, | § | |
| | § | **CIVIL ACTION NO. 4:21-CV-32-DC-DF** |
| vs. | § | |
| | § | |
| **CITY OF ALPINE,** | § | |
| *Defendant*. | § | |

# FIRST AMENDED COMPLAINT[1]

1. This lawsuit challenges the City of Alpine's policy and practice of issuing ambiguous, restrictive, and overly broad criminal trespass and harassment warnings (hereinafter "CTH Warnings") as a violation of the First and Fourteenth amendments to the U.S. Constitution. The City of Alpine issues people CTH Warnings that threaten serious criminal sanctions for lawful speech. The CTH Warnings fail to notify recipients of what conduct will subject them to arrest and prosecution. The intended effect of Defendant's policy is to chill lawful speech and conduct.

2. The City of Alpine issued well over four hundred and eighty (480) CTH Warnings between January 2016 and November of 2019. In many cases, the City of Alpine threatened arrest and criminal prosecution for trespass without providing any description of the subject property. In other cases, Defendant's CTH Warnings provided inadequate or unreasonably restrictive property descriptions. For example, one CTH Warning issued by APD during this time period appears to bar an individual from entering the entire nearby unincorporated community of Fort Davis. In each case, the standardized CTH Warning form issued by APD broadly and unlawfully threatens arrest and criminal prosecution for "any form of communication, either verbal or written, other than

---

[1] Plaintiff's First Amended Complaint is filed pursuant to Fed. R. Civ. P. 15(a)(1)(B).

1

written legal notice" even when, as in this case, the individual supposedly protected by the CTH Warning is a public official and member of the Alpine City Council.

3. Kelly Cresswell ("Mr. Cresswell") was subjected to the City of Alpine's unlawful policy and practice on or about August 2, 2019, when officials with the City of Alpine Police Department ("APD") issued him a CTH Warning with no description of the property from which he was required to refrain from entering. The CTH Warning also threatens arrest and criminal prosecution "*any* form of communication, either verbal or written, other than written legal notice." (emphasis added). Mr. Cresswell received no advance notice of these restrictions and no meaningful pre- or post-deprivation opportunity to challenge Defendant's imposition of these restrictions. As a result of APD's issuance of the CTH Warning, Mr. Cresswell was naturally unsure of how to comply and avoid arrest and criminal prosecution and was required to forego mental health treatment from the only public provider of mental and behavioral health services in Brewster County.

4. Mr. Cresswell brings claims under 42 U.S.C. § 1983 to redress violations of his First and Fourteenth amendment rights and seeks damages as well as declaratory and injunctive relief against the violative policy.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

6. Venue is proper in the Western District of Texas under 20 U.S.C. § 1391(c) because the Defendant is located in Brewster County, Texas which is within the jurisdiction of this district and because all or a substantial portion of the events that are the subject of this complaint took place in this district.

7. This Court has subject matter jurisdiction because Plaintiff seeks to vindicate his rights under the U.S. Constitution. Plaintiff challenges an official policy and widespread practice of the City of Alpine. *See Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690-95 (1978) (local governmental entities are subject to suit under § 1983 for damages, declaratory, and injunctive relief where an official policy or custom is the moving force of the constitutional violation).

## PARTIES

8. Plaintiff, Kelly Cresswell, is a 41-year-old man. Mr. Cresswell resided in Brewster County, Texas throughout 2019 until approximately March of 2020.

9. Defendant, City of Alpine, ("the City" or "Defendant") is a municipal corporation located in Brewster County, Texas. The City of Alpine operates the Alpine Police Department ("APD"), which has no independent legal existence, and employs APD officers. Claims stemming from actions of APD and its officers taken pursuant to official policy and widespread practice may be brought against the City of Alpine. At all times relevant to this action, the City of Alpine, through APD officers, acted under color of state law and the officially adopted policies and widespread, well-settled customs or practices of the City of Alpine.

## STATEMENT OF FACTS

**A. The City of Alpine has an official policy and widespread practice of issuing, maintaining, and enforcing unlawful CTH Warnings.**

10. Between January 2016 and approximately March 2020, the City of Alpine routinely used a standardized form for all CTH Warnings issued by APD officers. The standardized form is attached to this Original Complaint as Exhibit 1. Defendant's standardized CTH Warning form constitutes an officially adopted and promulgated policy of the City of Alpine's lawmaking officers or of individuals to whom Defendant's lawmaking officers have delegated authority to

3

adopt and promulgate policies related to activities of APD including, but not limited to, APD Chief of Police Robert Martin.

11. The City of Alpine's use of this form is widespread, permanent, and well-settled such that it constitutes an official municipal policy or practice. The City's responses to requests for public information reveal that between January of 2016 and November of 2019, APD officers issued the same standardized CTH Warning Form attached to this Original Complaint as Exhibit 1 more than four hundred and eighty (480) times. The City's failure to intervene to prevent issuance of ambiguous, restrictive, and overly broad CTH warnings after such widespread use evidences deliberate indifference to the constitutional rights of Mr. Cresswell and residents of the City of Alpine.

12. Through this officially adopted policy and widespread, well-settled practice, the City of Alpine unlawfully restrains speech. Each CTH Warning issued by APD includes the same overly broad definition of harassment as "*any* form of communication, either verbal or written, other than written legal notice" and each CTH Warning issued by APD warns the recipient that a violation of this overly broad definition of harassment can result in arrest, criminal charges, and a punishment of up to 6 months in jail and a $2,000 fine or, upon repeated violation, a state jail felony. *See* Exhs. 1 and 2 (emphasis added). The City of Alpine's definition of harassment omits any *mens rea* requirement included in the Texas Penal Code definition of harassment, *see* TEX. PEN. CODE § 42.07, a required element of the offense, and threatens arrest and criminal prosecution for conduct that is not illegal under state law. On its face, the City of Alpine's CTH Warning form unlawfully acts as a prior restraint on speech, expands the definition of criminal harassment under Texas law, and results in the restriction of protected speech, arbitrary enforcement, and unbridled discretion

4

of APD officers in violation the First and Fourteenth Amendment rights of Plaintiff and individuals like him.

13. The City of Alpine has a widespread and well-settled practice of failing to provide notice to restrained individuals of what conduct will subject them to arrest and criminal prosecution and when, if ever, the restrictions set out in the CTH Warning will expire. The City of Alpine routinely issues CTH Warnings to individuals without describing any property from which the subject of the CTH Warning must refrain from entering. The City of Alpine's CTH Warnings and the officers issuing them do not inform the recipients how long the CTH Warning will be in effect or if the CTH Warning ever expires. Between January of 2016 and November of 2019, the City of Alpine issued and maintained more than twenty (20) CTH Warnings against individuals threatening arrest and prosecution for "trespass" without providing any written description to the restrained individual of the property from which they must refrain from entering and without including any information of the time period in which the CTH Warning remains in effect.

14. Several more CTH Warnings issued and maintained by the City of Alpine during this time period provided ambiguous property descriptions which fail to provide reasonable notice of the property from which the restrained individual must refrain from entering. For example, one CTH Warning appears to prohibit entry into the entire nearby unincorporated community of Fort Davis. *See* Exh. 3. Other CTH Warnings issued by the City of Alpine during this time period appear to threaten arrest and criminal prosecution if the individual subject to the warning enters the very apartment complex where they reside. The result of this widespread and well-settled custom or practice is that the City of Alpine fails to adequately notify individuals subject to a CTH Warning of its requirements and how they may comply, also resulting in arbitrary enforcement and unbridled discretion of APD officers.

15. The City of Alpine also has a widespread practice of issuing ambiguous, overly broad, and restrictive CTH Warnings without providing any pre- or post-deprivation notice or opportunity to be heard regarding Defendant's issuance and maintenance of CTH Warnings, regardless of whether the individual subject to CTH Warning presents any imminent risk of injury or harm to individuals or property. In response to a request under the Texas Public Information Act seeking "all [APD] policies, procedures, memoranda, guidance, and directives regarding the issuance, maintenance, and enforcement of criminal trespass and/or harassment warnings" during the relevant time period, Defendant responded that it "does not have any documentation responsive" to this request and "does not have any written policies or procedures for CT/Harassment warnings." No information on the City of Alpine's website or any publicly available source provides information to individuals subject to CTH Warnings about any pre- or post-deprivation opportunity to challenge such warnings.

16. The City of Alpine does not provide oral or written notice to recipients of CTH Warnings of any opportunity to contest CTH Warnings or have them withdrawn. Defendant has no formal or informal proceedings that allow recipients of CTH Warnings to hear and rebut the evidence against them, offer their own evidence, or otherwise contest Defendant's issuance and maintenance, or enforcement of CTH Warnings against residents. None of the four hundred and eighty (480) CTH warnings issued by Defendant between January of 2016 and November of 2019 and none of the CTH Warnings issued by Defendant after March 2020 provided any written notice of post-deprivation process to challenge Defendant's issuance of the CTH Warning. In cases where the CTH Warning includes no property description or describes public property, as in the case of Mr. Cresswell, failure to provide any pre- or post-deprivation notice or opportunity to be heard unreasonably interferes with individuals' liberty interests and violates procedural due process.

17. Through the adoption and promulgation of the standardized CTH Warning form the City of Alpine intends for and requires APD officers to threaten individuals with arrest and criminal prosecution without clearly defining the conduct prohibited by the CTH Warning thereby leaving it to the unbridled discretion of APD officers whether and when to enforce the CTH Warning. The foreseeable result of this policy is the unreasonable abridging of residents' lawful speech, expression, and other conduct in the absence of a legitimate or compelling governmental interest, without tailoring, and without adequate justification. The language of the City of Alpine's standardized CTH Warning form and, as explained below, the CTH Warning issued to Plaintiff is so vague that a person of common intelligence must necessarily guess at its meaning and how to comply with it and therefore violates due process.

18. Through the adoption and implementation of the standardized CTH Warning form and the City of Alpine's widespread practice of issuing CTH Warnings without notice or opportunity to be heard, the City of Alpine intends for and requires APD officers to threaten arrest and criminal prosecution against residents of the City of Alpine like Mr. Cresswell, who have protected liberty interests, with the result of depriving residents of their procedural due process rights by failing to provide adequate notice or any pre- or post-deprivation opportunity to contest the CTH Warning.

19. The City of Alpine's official policy, manifested by their adoption of the standardized CTH Warning form and widespread and well-settled practice of issuing ambiguous, restrictive, and overly broad CTH Warnings is the primary moving force behind the violations of Plaintiff's First and Fourteenth amendment rights.

20. Beginning in March of 2020, the City of Alpine began using a different standardized trespass warning form in some cases and has continued to use the overly restrictive CTH Warning form attached to this complaint as Exhibit 1 in others. In cases where Defendant uses the newly

adopted standardized trespass warning form Defendant continues to fail to provide any written or other notice of meaningful pre- or post-deprivation opportunities to be heard regarding unlawful restrictions of residents' liberty interests.

**B.     APD issued an ambiguous and overly broad CTH Warning to Mr. Cresswell.**

21.    Mr. Cresswell is a 41-year-old man who experiences multiple serious mental health conditions. During 2018 and 2019, Plaintiff received mental health treatment and other services from PermiaCare, the local mental health authority established by Chapter 533 of the Texas Health and Safety Code for Brewster and surrounding counties in West Texas. PermiaCare is the only provider of psychiatric services in the area and, because Plaintiff is indigent, the only provider available to him. Plaintiff received services at PermiaCare's location in Alpine, Texas beginning in approximately October 2018.

22.    Lucy Escovedo was an employee of PermiaCare in 2019 and former member of the Alpine City Council. Ms. Escovedo served on the Alpine City Council throughout August of 2019. Between 2018 and July 2019, Plaintiff submitted several complaints to PermiaCare regarding Ms. Escovedo's conduct toward him which included disparaging remarks and mockery.

23.    On or about August 2, 2019, Plaintiff went to an appointment at PermiaCare's location in Alpine, Texas. After the appointment, as Mr. Cresswell was leaving PermiaCare, Ms. Escovedo and Mr. Cresswell got into an argument. Mr. Cresswell never threatened in any way or presented any risk of harm to Ms. Escovedo or any other employee, consumer, or other individual at PermiaCare on August 2, 2019, before, during or after his appointment.

24.    Later in the afternoon on or about August 2, 2019, APD Officer Kirk Caughman went to Plaintiff's home in Brewster County, Texas. Officer Caughman was accompanied by an officer of the Brewster County Sheriff Department. The officers informed Plaintiff that he was not permitted

to be in the same location as Ms. Escovedo, even if that location is public, and provided the example that if Plaintiff saw Ms. Escovedo at the Family Dollar store then he would be required to leave the store or be subject to arrest and criminal prosecution.

25. At some point during the encounter, Officer Caughman presented the CTH Warning attached to this complaint as Exhibit 2 to Plaintiff for his signature. Plaintiff signed the document. Plaintiff asked Officer Caughman for a copy of the warning so that he could review and understand its terms, but Officer Caughman did not provide a copy to Plaintiff. Officer Caughman instructed Plaintiff to visit the APD headquarters if he wished to obtain a copy of the warning. Officer Caughman did not provide Mr. Cresswell with any oral or written notice of any opportunity to contest Defendant's issuance of the CTH Warning during this encounter. Plaintiff never received any notice of such an opportunity from anyone.

26. Plaintiff had an appointment scheduled for Monday, August 12, 2019, with a case manager at PermiaCare's location in Alpine, Texas. As the date of this appointment approached, Plaintiff and his spouse attempted to obtain more information about the warning described by Officer Caughman on August 2, 2019, to ensure that Plaintiff would not be arrested if he went to his appointment. On or about August 7, 2019, Plaintiff's spouse went to the APD headquarters to obtain a copy of the warning and any associated police report.

27. Plaintiff's spouse initially spoke to an individual with APD dispatch about the warning. APD dispatch was unable to provide information regarding the warning. Plaintiff's spouse later spoke with another APD officer regarding the warning. The officer described the warning as prohibiting Mr. Cresswell from being in the same location as Lucy Escovedo and explained that APD uses a standardized form that threatens arrest and criminal prosecution for both harassment

and trespass regardless of whether the events giving rise to the issuance of the warning involve only alleged harassment, only alleged trespass, or both.

28. APD eventually provided the CTH Warning to Plaintiff's spouse on or about August 7, 2019. A copy of the CTH Warning is attached as Exhibit 2. The CTH Warning issued to Plaintiff is the same standardized form utilized by Defendant City of Alpine, through APD, for all or nearly all cases in which a trespass or harassment warning was issued between at least January 2016 and approximately March of 2020. *See* Exhibit 1. Defendant has continued to use the CTH Warning form attached to this complaint as Exhibit 1 in some cases after March 2020.

29. The CTH Warning is directed to Plaintiff and lists PermiaCare employee and Alpine City Council member Lucy E. Escovedo as the "Property Owner or Agent/…Person Giving Warning." The CTH Warning threatens Plaintiff with arrest and criminal prosecution if he "enter[s] upon or remain[s] on" certain property, but the portion of the CTH Warning dedicated to the "Location/Address" of the protected property is left blank. The only address listed on the CTH Warning is Plaintiff's home address. The CTH Warning also threatens Plaintiff with arrest and criminal prosecution for "harassment" which the CTH Warning defines overly broadly as "*any* form of communication, either verbal or written, other than written legal notice." (emphasis added). The CTH Warning contains no information about any opportunities for challenging the issuance, maintenance or enforcement of the CTH Warning.

30. The CTH Warning is signed by Plaintiff under boilerplate language that states that Plaintiff received a copy of the CTH Warning, but Plaintiff did not receive a copy of the CTH Warning on August 2, 2019.

31. Plaintiff did not know what he was supposed to do to comply with the CTH Warning or to contest its issuance. He did not know what properties he needed to stay away from in order to

comply with the CTH Warning's trespass prohibitions. Mr. Cresswell was never informed by any APD or other City official and did not know how long the CTH Warning would be in effect. He did not know if he was permitted to engage in necessary, non-harassing communications with Lucy Escovedo for the purposes of attending appointments at PermiaCare or in connection with her role as a member of the Alpine City Council. The resulting uncertainty about what he must do to avoid being arrested and prosecuted for violating the CTH Warning naturally caused Mr. Cresswell emotional distress and chilled his otherwise lawful speech and conduct.

32.     During her visit to APD headquarters on or about August 7, 2019, Plaintiff's spouse requested that APD provide her with any police report associated with the CTH Warning, but the APD officer with whom Plaintiff's spouse spoke that day explained to her that as a matter of practice APD officers do not create police reports when they issue CTH Warnings because they issue so many CTH Warnings and it would be too time consuming to create reports for each warning.

**C.     Defendant enforced the ambiguous and overly broad CTH Warning against Plaintiff, preventing him from attending his appointment at PermiaCare.**

33.     On August 9, 2019, Plaintiff's counsel requested that APD withdraw the CTH Warning or confirm in writing that the warning did not subject Plaintiff to arrest or criminal prosecution for attending his August 12, 2019, appointment at PermiaCare.

34.     Later that afternoon, the City of Alpine responded in writing stating that the CTH Warning would be enforced against Plaintiff if he attended his appointment at PermiaCare on August 12, 2019. Specifically, Defendant, through former City Attorney Rod Ponton, demanded that Plaintiff reschedule his August 12, 2019 appointment at PermiaCare and stated that "[t]he criminal trespass warning will be enforced against [Plaintiff] until I can be assured that a safe workplace exists for Ms. Escovedo." Mr. Ponton failed to identify any process by which Mr. Cresswell could challenge

or rebut the allegations made against him by Ms. Escovedo or the restrictions imposed by the CTH Warning.

35.    Out of fear that the City of Alpine through its APD officers would arrest him, Plaintiff did not attend his appointment at PermiaCare on August 12, 2019.

36.    On or about August 13, 2019, Plaintiff's counsel was informed by multiple PermiaCare employees, including Todd Luzadder, Director of Mental Health Services, that PermiaCare never requested that APD issue a CTH Warning against Plaintiff, that Lucy E. Escovedo does not have authority to request the issuance of CTH Warnings on PermiaCare's behalf, and that the agency had instructed Lucy E. Escovedo not to be at the PermiaCare location in Alpine, Texas during Plaintiff's appointments.

37.    In response to Plaintiff's threats of emergency restraining order proceedings to enjoin further enforcement of the ambiguous and overly broad CTH Warning against Mr. Cresswell, the City of Alpine withdrew the CTH Warning on or about August 14, 2019. However, in the letter notifying Plaintiff of the withdrawal of the CTH Warning, City Attorney Rod Ponton states that Mr. Cresswell should inform him of any future PermiaCare appointments so that the City of Alpine can have an APD officer present at the location of his appointment.

38.    Mr. Cresswell experienced significant mental and emotional distress, fear, anxiety, shame and embarrassment as a result of Defendants' issuance, maintenance, and enforcement of their ambiguous and overly broad CTH Warning against him. As a result of Defendant's issuance and enforcement of the CTH Warning, Mr. Cresswell no longer felt comfortable living in Alpine and receiving mental health services at PermiaCare. In approximately March of 2020 Mr. Cresswell relocated with his family to Louisiana. Mr. Cresswell has several friends in Alpine that he met

through his church and in the community. He intends to return to Alpine to visit these individuals in the future.

## CAUSES OF ACTION

39. For each of the causes of action described below, Plaintiff incorporates by reference the allegations in the foregoing paragraphs as if set forth at length herein in support of each claim.

### First Cause of Action – Procedural Due Process

40. The City of Alpine's actions in issuing, maintaining, and enforcing the CTH Warning against Plaintiff infringe on his liberty interests and violate his right to procedural due process because Defendant failed to provide any notice or pre- or post-deprivation opportunity to be heard regarding Defendant's issuance, maintenance and proposed enforcement of the CTH Warning.

41. The City of Alpine, acting through APD, adopted, enforced, and implemented a policy that subjected Plaintiff to an unlawful violation of his procedural due process rights. The City of Alpine infringed on Plaintiff's liberty interest by threatening him with arrest and prosecution for entering certain public places without providing notice or opportunity to be heard, and without adequate justification for failing to provide any pre- or post-deprivation procedural safeguards.

42. The policy statements, regulations, practices or decisions of the City of Alpine are the moving force behind the violations of Plaintiff's Fourteenth Amendment rights.

43. Defendants acted with deliberate indifference and reckless disregard for Plaintiff's constitutional rights.

44. Defendants' actions directly and proximately caused Plaintiff to suffer psychological and economic injuries. Defendant is liable for these injuries under 42 U.S.C. § 1983.

**Second Cause of Action – Unconstitutional Vagueness**

45. The CTH Warning combined with Defendant's August 9, 2019 letter threatening enforcement if Mr. Cresswell attended his August 12, 2019 appointment at PermiaCare, and other statements by Defendant and its agents to Plaintiff failed to adequately advise, notify, or inform Plaintiff of what conduct would be subject to criminal sanction in violation of the First and Fourteenth amendments. The CTH Warning contains no description of the property from which Plaintiff must refrain from trespassing and impermissibly expands the definition of harassment under Texas law, leaving enforcement of the warning to the unbridled discretion of APD officers. The CTH Warnings utilized by the City of Alpine are so vague that people of common intelligence must necessarily guess at their meaning.

46. Defendant City of Alpine, acting through APD, adopted, enforced, and implemented a policy that subjected Plaintiff to an unlawful violation of his due process rights. Through the application of an officially adopted and promulgated CTH Warning and Defendant's practice of issuing CTH Warnings to residents without adequate notice of the CTH Warning's requirements, the City of Alpine implemented a policy which violated Plaintiff's due process rights.

47. The City of Alpine's CTH Warning form and associated policies and practices are unconstitutional both as applied and facially. The CTH Warning and associated policies and practices have no legitimate sweep. Even if the CTH Warning and associated policies and practices have a legitimate sweep, which is denied, they criminalize a substantial amount of protected speech and conduct relative to any legitimate sweep.

48. The policy statements, regulations, practices or decisions of the City of Alpine are a moving force behind the violations of Plaintiff's First and Fourteenth Amendment rights.

49.     Defendant City of Alpine acted with deliberate indifference and reckless disregard for Plaintiff's constitutional rights.

50.     Defendants' actions directly and proximately caused Plaintiff to suffer psychological and economic injuries. Defendant is liable for these injuries under 42 U.S.C. § 1983.

### Third Cause of Action – Unlawful Restriction of Speech

51.     As applied, the CTH Warning issued to Mr. Cresswell on or about August 2, 2019 is an unlawful prior restraint of Plaintiff's speech, is not reasonably designed to serve a significant government interest, and is not narrowly tailored to serve a compelling government interest.

52.     Defendant City of Alpine, acting through APD, adopted, enforced, and implemented a policy that subjected Plaintiff to a violation of his First Amendment rights. Through the application of an officially adopted and promulgated CTH Warning and the City of Alpine's practice of issuing CTH Warnings to residents the City of Alpine knowingly implemented a policy which unlawfully restricts Plaintiff's speech.

53.     The policy statements, regulations, practices or decisions of the City of Alpine are the moving force behind the violations of Plaintiff's First Amendment rights.

54.     Defendant City of Alpine acted with deliberate indifference and reckless disregard for Plaintiff's constitutional rights.

55.     The City of Alpine's actions directly and proximately caused Plaintiff to suffer psychological and economic injuries. Defendant is liable for these injuries under 42 U.S.C. § 1983.

### Fourth Cause of Action – Overbreadth

56.     The lawfulness of Defendants' CTH Warning as applied to Plaintiff should be assessed first. Plaintiff brings this overbreadth challenge to the City of Alpine's CTH Warning policy in the alternative.

57. The CTH Warning adopted and promulgated by the City of Alpine and issued to Plaintiff in this case is overbroad in its prohibition of "any communication, either verbal or written, except written legal notice." The City of Alpine's officially adopted and promulgated policy punishes protected free speech and is not reasonably designed to serve a significant government interest or narrowly tailored to serve a compelling government interest. A substantial number of its applications are unconstitutional including, but not limited to, where subject communications lack any intent to harass, annoy, alarm, abuse, torment, or embarrass another, *see* TEX. PEN. CODE § 42.07, and application to consumers of public mental health services to criminally sanction lawful communications with mental health agency employees for the purpose of receiving treatment.

58. The unconstitutional applications of the City of Alpine's CTH Warning policy are substantial when judged in relation to the policy's legitimate sweep. The CTH Warning's ban of "any form of communication" implicates constitutionally protected conduct, and enforcement of this overbroad law chills constitutionally protected speech, given the strict criminal sanctions it imposes.

59. The CTH Warning as written provides opportunity for abuse and allows for open-ended interpretation and unbridled discretion to APD officers and other peace officers to enforce the CTH Warning as they see fit and without any notice to Plaintiff or others subjected to the City of Alpine's CTH Warning policy of the conduct that is prohibited by the CTH Warning.

60. Defendant the City of Alpine, acting through APD, adopted, enforced, and implemented a policy that subjected Plaintiff to an unlawful violation of his First and Fourteenth Amendment rights. Through the application of an officially adopted and promulgated CTH Warning and Defendant's practice of issuing CTH Warnings to residents the City of Alpine knowingly

implemented a policy which unlawfully restricted Plaintiff's speech and violated Plaintiff's due process rights.

61. The policy statements, regulations, practices or decisions of the City of Alpine are the moving force behind the violations of Plaintiff's First and Fourteenth Amendment rights.

62. Defendant the City of Alpine acted with deliberate indifference and reckless disregard for Plaintiff's constitutional rights.

63. The City of Alpine's actions directly and proximately caused Plaintiff to suffer psychological and economic injuries. Defendant is liable for these injuries under 42 U.S.C. § 1983.

## JURY DEMAND

64. Plaintiff seeks a trial by jury on all issues triable by jury.

## REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED Plaintiff asks that the Court grant him relief including:

A. A declaratory judgment that Defendant's policy and practice of issuing, maintaining, and enforcing CTH Warnings violates the First and Fourteenth amendments to the U.S. Constitution;

B. A permanent injunction against Defendant's continued use of the policy, practice, and standardized CTH Warning form, including, but not limited, the use of Defendant's policies and practices against Plaintiff;

C. An award of nominal, actual and compensatory damages against Defendant for violations of Plaintiff's First and Fourteenth amendment rights, including pre- and post-judgment interest permitted by law;

D.     An award of reasonable and necessary attorney's fees and expenses as permitted by law; and

E.     An award of any other relief that this Court deems just and proper at law or in equity.

Dated: June 21, 2021.                                      Respectfully submitted,

-TEXAS RIOGRANDE LEGAL AID, INC.

*/s/ Peter McGraw*
Peter McGraw
Attorney in Charge
Texas Bar No. 24081036
1206 East Van Buren St.
Brownsville, Texas 78520
Phone: (956) 982-5543
Fax: (956) 541-1410
pmcgraw@trla.org

Julie Balovich
Texas Bar No. 24036182
114 N. 6th Street
Alpine, Texas 79830
Phone: (432) 837-9965
Fax: (432) 837-9965
jbalovich@trla.org

## CERTIFICATE OF SERVICE

I hereby certify the foregoing document was served on all counsel of record by filing of the same with the Court's electronic case management system on June 21, 2021.

*/s/ Peter McGraw*
Peter McGraw