**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | | |
|---|---|---|
| **KELLY CRESSWELL** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **No. 4:21-cv-00032-DC-DF** |
| | § | |
| **CITY OF ALPINE** | § | |
| **Defendant** | § | |

**DEFENDANT CITY OF ALPINE'S
FIRST AMENDED ANSWER WITH AFFIRMATIVE DEFENSES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, City of Alpine, Texas, and files this, its First Amended Answer with Affirmative Defenses to Plaintiff's First Amended Complaint and in support would show the Court as follows:

**I.
ANSWER**

1.      The Defendant denies the entirety of paragraph 1 of Plaintiff's First Amended Complaint.

2.      The Defendant admits that it issued over four hundred eighty CTH Warnings between January 2016 and November 2019. The Defendant also admits that one CTH Warning appears to concern the community of Fort Davis. Defendant also admits that the individual to-be protected by the CTH warning was a public official in that she was a member of the Alpine City Council, but denies that the CTH Warning was issued because of her status as a City Council Member. Defendant denies the remainder of paragraph 2 to Plaintiff's First Amended Complaint.

3.      Defendant admits that on or around August 2, 2019 the City of Alpine Police Department issued a Criminal Trespass and Harassment Warning ("CTH Warning") against

Plaintiff. Moreover, Defendant is without knowledge or information to form a belief about the truth of the allegations that Plaintiff was required to forego mental health treatments at the only provider of mental and behavioral health services in Brewster County, and that Plaintiff "unsure of how to comply" with the CTH Warning, and therefore denies the same. Defendant denies the remainder of the allegations in paragraph 3 of Plaintiff's First Amended Complaint.

4.      Defendant admits that Plaintiff has alleged a federal question and has sought relief under federal statute but deny Plaintiff is entitled to any relief under paragraph 4 of Plaintiff's First Amended Complaint.

5.      Defendant admits that this Court has subject matter jurisdiction over this case.

6.      Defendant admits that venue is proper in this district and division, but deny Plaintiff is entitled to any relief.

7.      Defendant admits that this Court has subject matter jurisdiction over this case, but denies Plaintiff is entitled to any relief.

8.      Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8, and therefore denies the same.

9.      Defendant admits that it is a municipal corporation located in Brewster County, Texas and that Defendant operates the Alpine Police Department. Defendant admits that claims stemming from official policies of Defendant may be actionable. However, Defendant denies that any such policies or practices, if any, caused a legal injury to Plaintiff. Defendant denies the remainder of paragraph 9 of Plaintiff's First Amended Complaint.

10.     Defendant admits that the form attached to Plaintiff's First Amended Complaint as Exhibit 1 was a form or was similar to forms used by the Alpine Police Department between

January 2016 and March 2020. Defendant denies the remainder of the allegations in paragraph 10 of Plaintiff's First Amended Complaint.

11.     Defendant admits that between January 2016 and November 2019, Alpine Police issued the same or similar CTH Warning Form as that attached to Plaintiff's First Amended Complaint as Exhibit 1 more than four hundred eighty times. Defendant denies the remainder of paragraph 11 of Plaintiff's First Amended Complaint.

12.     Defendant denies the entirety of paragraph 12 of Plaintiff's First Amended Complaint.

13.     Defendant admits that from January 2016 to November 2019 that Defendant issued around twenty CTH Warnings without a property description and that the CTH Warnings do not specifically include information regarding a time period for which the CTH Warning remains in effect. Defendant denies to remainder of paragraph 13 of Plaintiff's First Amended Complaint.

14.     Defendant admits that one CTH Warning appears to concern the community of Fort Davis. Defendant denies the remainder of the allegations in paragraph 14 of Plaintiff's First Amended Complaint.

15.     Defendant admits that Plaintiff sent a Texas Public Information Act request to Defendant seeking "all [APD] policies, procedures, memoranda, guidance, and directives regarding the issuance, maintenance, and enforcement of criminal trespass and/or harassment warnings" and that Defendant responded that it "does not have any documentation responsive" and "does not have any written policies or procedures for CT/Harassment warnings." Moreover, Defendant admits that the City of Alpine's website does not contain information regarding CTH Warnings about any pre- or post-deprivation opportunity to challenge such warnings. Defendant

is without knowledge to form a belief that no publicly available source provides information to individuals subject to CTH Warnings about any pre- or post-deprivation opportunity to challenge such warnings and therefore denies the same. Defendant denies the remainder of paragraph 15 of Plaintiff's First Amended Complaint.

16.     Defendant admits that the CTH Warnings issued by Defendant from January 2016 through November 2019 lack written notice of a post-deprivation process to challenge Defendant's issuance of a CTH Warning, however, Defendant denies that no process exists to ensure constitutional protections are afforded. Defendant denies the remainder of paragraph 16.

17.     Defendant denies the entirety of paragraph 17 of Plaintiff's First Amended Complaint.

18.     Defendant denies the entirety of paragraph 18 of Plaintiff's First Amended Complaint.

19.     Defendant denies the entirety of paragraph 19 to Plaintiff's First Amended Complaint.

20.     Defendant admits that beginning in March of 2020, Alpine Police Department began using a different trespass warning form, and further admits that in a few instances used the older form used in this case. Defendant denies the remainder of paragraph 20 to Plaintiff's First Amended Complaint.

21.     Defendant is without knowledge or information to form a belief about the allegations contained in paragraph 21 of Plaintiff's First Amended Complaint and therefore denies the same.

22.     Defendant is without knowledge or information to form a belief about the truth of the allegations that Lucy Escovedo was an employee of PermiaCare in 2019 and whether

Plaintiff submitted any complaints to PermiaCare as it relates to Ms. Escovedo and therefore denies the same. Defendant is without knowledge or information to form a belief about the truth of the allegations that Ms. Escovedo disparaged or mocked Plaintiff and therefore denies the same.  Defendant admits that Ms. Escovedo served on the City Council during August 2019.

23.     Defendant admits that Plaintiff and Ms. Escovedo got into an argument or altercation on or around August 2, 2019. For the remainder of paragraph 23 of Plaintiff's First Amended Complaint, Defendant is without knowledge or information to form a belief about the truth of the allegations and therefore denies the same.

24.     Defendant admits that on or about August 2, 2019, APD Officer Kirk Caughman and a Brewster County Sheriff's Deputy arrived at Plaintiff's home. Defendant denies the remainder of paragraph 24 of Plaintiff's First Amended Complaint.

25.     Defendant admits that Officer Caughman presented the CTH Warning to Plaintiff and obtained Plaintiff's signature as described in Plaintiff's Exhibit 2. Defendant is without knowledge or information to form a belief about the truth of the allegations that Plaintiff asked for a copy, was not provided a copy, was instructed to visit the Alpine Police Department headquarters to obtain a copy, and that Officer Caughman did not provide Plaintiff with any oral or written notice of an opportunity to contest Defendant's issuance of the CTH Warning on or around August 2, 2019 and therefore denies the same. Defendant is also without knowledge that Plaintiff never received any notice of an opportunity to contest the issuance of a CTH Warning from anyone and therefore denies the same.

26.     Defendant is without knowledge or information to form a belief about the truth of the allegations contained in paragraph 26 of Plaintiff's First Amended Complaint and therefore denies the same.

MIDLAND\004785\000350\2882342.1

27.     Defendant is without knowledge or information to form a belief about the truth of the allegations contained in paragraph 27 of Plaintiff's First Amended Complaint and therefore denies the same.

28.     Defendant is without knowledge or information to form a belief about the truth of the allegations that Alpine Police Department provided a copy of the CTH Warning to Plaintiff's spouse on or around August 7, 2019 and therefore denies the same. Defendant denies the remainder of paragraph 28 to Plaintiff's First Amended Complaint as worded.

29.     Defendant admits that the CTH Warning directed at Plaintiff lists Ms. Escovedo as the "Person Giving Warning" and that the CTH Warning lists no "Location/Address" and the only address on the form is Plaintiff's former address. Defendant admits that the CTH Warning states that Plaintiff could be arrested and criminally prosecuted for harassment. Defendant admits that the CTH Warning itself lacks information about contesting the issuance, maintenance, and enforcement of the CTH Warning because the CTH Warning is a Warning, however, Defendant denies the implication that such process does not exist such that the Warning is constitutionally deficient. Defendant denies the remaining allegations in paragraph 29 of Plaintiff's First Amended Complaint.

30.     Defendant denies that the language contained in the CTH Warning is boilerplate language. Defendant admits the CTH Warning is signed by Plaintiff. Defendant is without knowledge or information to form a belief about the truth of the remainder of allegations in paragraph 30 of Plaintiff's First Amended Complaint and therefore denies the same.

31.     Defendant denies that Plaintiff did not know whether he could communicate with Ms. Escovedo in a non-harassing manner. As for the remainder of the allegations in paragraph 31

to Plaintiff's First Amended Complaint, Defendant is without knowledge or information to form a belief about their truth and therefore denies the same.

32.     Defendant denies that Defendant does not create records when Defendant issues CTH Warnings. Defendant denies that the reason for not creating certain records is because of the time to create such records. Defendant is without knowledge or information to form a belief about the truth of whether Plaintiff's spouse went to the Alpine Police Department and requested that the Department provide her with any police report associated with Plaintiff's CTH Warning and therefore denies the same. Defendant denies the remainder of paragraph 32 to Plaintiff's First Amended Complaint.

33.     Defendant denies that Plaintiff's counsel requested that the CTH Warning be withdrawn on August 9, 2019. Defendant denies that Plaintiff's counsel sought a written confirmation that Plaintiff would not be arrested or criminally prosecuted for his attendance of an August 12, 2019 appointment at PermiaCare.

34.     Defendant admits that the Alpine City Attorney responded in writing to Plaintiff's letter described in paragraph 33 of Plaintiff's First Amended Complaint. Defendant denies that the Alpine City Attorney's letter states that the CTH Warning would be enforced by Plaintiff's attendance of Plaintiff's appointment allegedly on August 12, 2019. Defendant also denies that the City Attorney demanded that Plaintiff reschedule appointments. Defendant is without knowledge to form a belief as to whether Rod Ponton failed to identify any process by which Plaintiff could challenge or rebut the allegations made against him and therefore denies the same. Defendant admits the remainder of paragraph 34 to Plaintiff's First Amended Complaint.

35.    Defendant is without knowledge or information to form a belief about the truth of the allegations in paragraph 35 of Plaintiff's First Amended Complaint and therefore denies the same.

36.    Defendant is without knowledge or information to form a belief about the truth of the allegations in paragraph 36 of Plaintiff's First Amended Complaint and therefore denies the same.

37.    Defendant admits that the City withdrew the CTH Warning on or around August 14, 2019. Defendant denies the remaining allegations in paragraph 37 of Plaintiff's First Amended Complaint.

38.    Defendant is without knowledge or information to form a belief about the truth of the allegations in paragraph 38 of Plaintiff's First Amended Complaint and therefore denies the same.

39.    The allegations in this paragraph are not a short plain statement of the claim showing that the pleader is entitled to relief or a demand for the relief sought, therefore no response is required.  To the extent a response is required, the Defendant denies the allegations in this paragraph.

40.    Defendant denies the entirety of paragraph 40 to Plaintiff's First Amended Complaint.

41.    Defendant denies the entirety of paragraph 41 to Plaintiff's First Amended Complaint.

42.    Defendant denies the entirety of paragraph 42 to Plaintiff's First Amended Complaint.

43.     Defendant denies the entirety of paragraph 43 to Plaintiff's First Amended Complaint.

44.     Defendant denies the entirety of paragraph 44 to Plaintiff's First Amended Complaint.

45.     Defendant admits that the CTH Warning contains no description of a property, but denies the remainder of paragraph 45 to Plaintiff's First Amended Complaint.

46.     Defendant denies the entirety of paragraph 46 to Plaintiff's First Amended Complaint.

47.     Defendant denies the entirety of paragraph 47 to Plaintiff's First Amended Complaint.

48.     Defendant denies the entirety of paragraph 48 to Plaintiff's First Amended Complaint.

49.     Defendant denies the entirety of paragraph 49 to Plaintiff's First Amended Complaint.

50.     Defendant denies the entirety of paragraph 50 to Plaintiff's First Amended Complaint.

51.     Defendant denies the entirety of paragraph 51 to Plaintiff's First Amended Complaint.

52.     Defendant denies the entirety of paragraph 52 to Plaintiff's First Amended Complaint.

53.     Defendant denies the entirety of paragraph 53 to Plaintiff's First Amended Complaint.

54.     Defendant denies the entirety of paragraph 54 to Plaintiff's First Amended Complaint.

55.     Defendant denies the entirety of paragraph 55 to Plaintiff's First Amended Complaint.

56.     Defendant admits that Plaintiff's as applied challenge should be assessed first, before assessing Plaintiff's overbreadth challenge and that this challenge is brought in the alternative. However, Defendant denies that Plaintiff is entitled to any relief under either the as applied challenge or overbreadth challenge.

57.     Defendant denies the entirety of paragraph 57 to Plaintiff's First Amended Complaint.

58.     Defendant denies the entirety of paragraph 58 to Plaintiff's First Amended Complaint.

59.     Defendant denies the entirety of paragraph 59 to Plaintiff's First Amended Complaint.

60.     Defendant denies the entirety of paragraph 60 to Plaintiff's First Amended Complaint.

61.     Defendant denies the entirety of paragraph 61 to Plaintiff's First Amended Complaint.

62.     Defendant denies the entirety of paragraph 62 to Plaintiff's First Amended Complaint.

63.     Defendant denies the entirety of paragraph 63 to Plaintiff's First Amended Complaint.

64.     The allegations in this paragraph are not a short plain statement of the claim showing that the pleader is entitled to relief or a demand for the relief sought, therefore no response is required.  To the extent a response is required, the Defendant denies the allegations in this paragraph.

65.     The Defendant denies that Plaintiff is entitled to any relief requested in this paragraph and any of its sub-sections.

66.     The Defendant denies all allegations that are not specifically admitted herein.

## II.
## AFFIRMATIVE AND OTHER DEFENSES

1.     Defendant City of Alpine hereby invokes the privileges and immunities it enjoys as a governmental entity, including but not limited to sovereign immunity, governmental immunity, official immunity, good-faith immunity, and qualified immunity, both directly and derivatively.

2.     Pleading further, if such be necessary and in the alternative, Plaintiff fails to state a claim for which relief can be granted.

3.     Pleading further, if such be necessary and in the alternative, legitimate, constitutional reasons existed for all actions affecting Plaintiff.

4.     Pleading further, if such be necessary and in the alternative, Plaintiff's claims are barred in whole or in part by statutory and administrative limitations

5.     Pleading further, if such be necessary and in the alternative, the Defendant invokes the doctrines of waiver, estoppel and laches.

MIDLAND\004785\000350\2882342.1

**III.**
**ATTORNEYS' FEES**

1.     To the extent such a request does not waive any defense or immunity, and only to

such extent, pursuant to 42 U.S.C. 1988 the Defendant City of Alpine is entitled to its reasonable

attorneys' fees.

**IV.**
**CONCLUSION**

The Defendant City of Alpine requests that this Court deny all Plaintiff's claims and that

Plaintiff recover nothing by this suit.

Respectfully Submitted,

By:     */s/ Julian E. Whitley*

**Aaron M. Dorfner**
State Bar No. 24040824
adorfner@cbtd.com
**Julian E. Whitley**
State Bar No. 24108913
jwhitley@cbtd.com

OF

COTTON, BLEDSOE, TIGHE & DAWSON
A Professional Corporation
P. O. Box 2776
Midland, Texas 79702
(432) 684-5782
(432) 682-3672 (Fax)

**ATTORNEYS FOR DEFENDANT**
**CITY OF ALPINE, TEXAS**

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on the 2nd day of July, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Peter McGraw
pmcgraw@trla.org                Julie Balovich
Attorney in Charge              jbalovich@trla.org
Texas RioGrande Legal Aid, Inc.      114 N. 6th Street
1206 East Van Buren Street          Alpine, Texas 79830
Brownsville, Texas 78520
*Attorneys for Plaintiff*

                                  */s/ Julian E. Whitley*
                                 **Julian E. Whitley**